UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **VERNON P. TURNER,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 25-1109-JWB-GEB |
| | ) |
| **TRAVIS SOWERS,** | ) |
| **CITY OF KINGMAN, KANSAS,** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

## ORDER

This matter is before the Court on Plaintiff Vernon P. Turner's Motion to Proceed Without Prepayment of Fees ("IFP Motion") (ECF No. 3, *sealed*) and supporting Affidavit of Financial Status (ECF No. 3-1 *sealed*), Motion for Status (ECF No. 7) and Motion for Ruling (ECF No. 8). For the reasons outlined below, Plaintiff's IFP Motion **(ECF No. 3)** is **GRANTED**, Motion for Status **(ECF No. 7)** is **FOUND AS MOOT**, and Motion for Ruling **(ECF No. 8)** is **GRANTED**.

Pursuant to 28 U.S.C. § 1915(a), the Court has discretion[1] to authorize filing of a civil case "without prepayment of fees or security thereof, by a person who submits an affidavit that . . . the person is unable to pay such fees or give security thereof." "Proceeding *in forma pauperis* in a civil case 'is a privilege, not a right—fundamental or otherwise.'"[2]

---

[1] *Barnett ex rel. Barnett v. Nw. Sch.*, No. 00-2499-KHV, 2000 WL 1909625, *1 (D. Kan. Dec. 26, 2000) (citing *Cabrera v. Horgas*, No. 98-4231, 173 F.3d 863, *1 (10th Cir. Apr. 23, 1999)).

[2] *Id.* (quoting *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998)).

The Court reviews the party's financial affidavit and compares his monthly expenses with the monthly income disclosed therein, to determine whether a party is eligible to file without prepayment of the fee.[3]

The Tenth Circuit Court of Appeals and this Court have a liberal policy toward permitting proceedings *in forma pauperis*.[4] After careful review of Plaintiff's financial resources (ECF No. 3-1 *sealed*), and comparison of Plaintiff's listed monthly income and listed monthly expenses, the Court finds he is financially unable to pay the filing fee.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Proceed Without Prepayment of Fees **(ECF No. 3)** is **GRANTED**.

**IT IS ORDERED** where the Court has issued its ruling on Plaintiff's IFP Motion, his Motion for Status **(ECF No. 7)** is **FOUND AS MOOT** and Motion for Ruling **(ECF No. 8)** is **GRANTED**.

**IT IS FURTHER ORDERED** Service of process shall be undertaken by the clerk of court pursuant to 28 U.S.C. § 1915(d) and Fed. R. Civ. P. 4(c)(3.)

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 20th day of January, 2026.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge

---

[3] *Alexander v. Wichita Hous. Auth.*, No. 07-1149-JTM, 2007 WL 2316902, *1 (D. Kan. Aug. 9, 2007) (citing *Patillo v. N. Am. Van Lines, Inc.*, No. 02-2162-JWL, 2000 WL 1162684, *1) (D. Kan. Apr. 15, 2002) and *Webb v. Cessna Aircraft*, No. 00-2229-JWL, 2000 WL 1025575, *1 (D. Kan. July 17, 2000)).
[4] *Mitchell v. Deseret Health Care Facility*, No. 13-1360-RDR, 2013 WL 5797609, *1 (D. Kan. Sept. 30, 2013) (citing, generally, *Yellen v. Cooper*, 828 F.2d 1471 (10th Cir. 1987)).