IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

VERNON P. TURNER,

       Plaintiff,

v.

                                          Case No.  25-1109-JWB

TRAVIS SOWERS and CITY OF KINGMAN,

       Defendants.

## MEMORANDUM AND ORDER

This matter is before the court on Defendants' motion to dismiss (Doc. 17) and Plaintiff's motion to file a surreply (Doc. 23).  The motions have been fully briefed and are ripe for decision. (Docs. 18, 19, 20, 21, 24, 25.)  The motions are GRANTED for the reasons stated herein.[1]

## I.    Facts

The facts are taken from Plaintiff's complaint.  (Doc. 1.)  The court has also taken judicial notice of the proceedings in Plaintiff's related criminal case that are attached to Defendants' briefing as well as documents in the state court record.  *See Stan Lee Media, Inc. v. Walt Disney Co.*, 774 F.3d 1292, 1298 n.2 (10th Cir. 2014) (noting that a court may "take judicial notice of documents and docket materials filed in other courts") (citation omitted).  The court may review state court filings and take judicial notice of the same in assessing the motion to dismiss, even though they were not submitted in connection with the briefing because they are documents of public record.  *Eckert v. Dougherty*, 658 F. App'x 401, 404, 411 n.1 (10th Cir. 2016).

In April 2018, Defendant Travis Sowers, an officer with the Kingman Police Department, was conducting a criminal investigation involving Plaintiff.  On April 27, 2018, Sowers

---

[1] The court has considered Plaintiff's surreply in its ruling.

interviewed A.K.,[2] a potential victim of the crimes, in connection with the investigation. On May 11, 2018, Sowers submitted an affidavit in support of an arrest warrant which was largely based on his interview with A.K. (Doc. 1 at 4.) According to Plaintiff, the affidavit omitted material facts and contained deliberately false information. The factual discrepancies involved the dates of alleged sexual assaults by Plaintiff. According to Sowers, A.K. could not recall the exact dates of these five incidents but believed that they had occurred between the summer of his eighth and ninth grade school years, which was the summer of 2014. (*Id.* at 10.) According to Plaintiff, however, Sowers knew the location of the alleged assaults and Plaintiff did not reside at that residence until September of 2014. (*Id.* at 11.) Plaintiff further alleges that A.K. told Sowers that these events occurred a few months after his camping trip, which was in early June 2015. Plaintiff alleges that Sowers had this information but intentionally failed to disclose it to the magistrate judge. Plaintiff alleges that Sowers intentionally presented a false timeline in order to obtain the arrest warrant. (*Id.*) The timeframe was notable because A.K. was under the age of sixteen during the summer of 2014, which would subject Plaintiff to higher penalties under Kansas law for his alleged conduct. (*Id.* at 24.)

Plaintiff further alleges that Sowers misrepresented his contacts with A.K. and presented a narrative to reflect that he was isolating and grooming A.K. (*Id.* at 20–21.) With respect to the camping trip, Plaintiff alleges that Sowers failed to preserve an email regarding A.K.'s camping trip. According to Plaintiff, A.K. showed Sowers the email on his phone, which referenced the dates of the trip, but Sowers failed to preserve this evidence. (*Id.* at 38.) Plaintiff also asserts that Sowers failed to conduct an adequate investigation from late April to May 11, 2018. Plaintiff contends that Sowers should have investigated the camping trip, the effects of a drug alleged to be

---

[2] The court uses initials to discuss the alleged victim as he was a minor during the alleged crimes.

used by Plaintiff and given to A.K., failed to interview more witnesses, and failed to investigate Plaintiff's residences. (*Id.* at 43–45.)

On May 11, 2018, the magistrate judge issued an arrest warrant for Plaintiff's arrest. On that same date, the Kingman County Attorney filed criminal charges against Plaintiff in *State v. Turner*, Case No. 2018-CR-076. The charges included five counts of aggravated criminal sodomy in violation of K.S.A. § 21-5504(b)(3)(A), one count of furnishing alcohol to a minor for illicit purposes in violation of K.S.A. § 21-5607(b), and one count of felony criminal threat in violation of K.S.A. § 21-5415(a). (Doc. 19-1.) All crimes were alleged to have occurred between May and August 2014. (*Id.*) Plaintiff was arrested on May 14, 2018. (Doc. 19-2 at 2.) Plaintiff could not post bond and remained in custody for several years.

On July 24, 2020, a preliminary hearing was held. The court found probable cause on three of the five counts of aggravated criminal sodomy, the charge of furnishing alcohol to a minor, and the charge of criminal threat. (Doc. 19-3.) The court dismissed the remaining two counts of aggravated criminal sodomy. (*Id.*) The county attorney filed an amended complaint to reflect the remaining charges. (Doc. 19-4.) On January 26, 2021, an arraignment was held and Plaintiff entered pleas of not guilty to the charges in the amended complaint. (Doc. 19-5.) In 2022, Plaintiff filed motions to suppress and for a *Franks* hearing on the basis of the false and misleading statements and omissions from the affidavit in support of the arrest warrant. (Doc. 19-6.) The arguments raised in the motions were essentially the same allegations made in this action. The court held that the alleged omissions were not material because the exact date of the commission of the crime is unnecessary and that a conviction may be obtained as long as the crime occurred within the statute of limitations. (*Id.* at 21.) Further, there were no arguments that the alleged crimes occurred outside of the statute of limitations and the sodomy charges do not require that

3

the victim is a certain age, i.e. 14 or 15. (*Id.* at 22–23.) The court further held that even if all of the omitted information Plaintiff complained of had been included in the affidavit, the court would have issued the arrest warrant. (*Id.* at 23.)

On February 6, 2023, Plaintiff entered a no contest plea to the charge of furnishing alcohol to a minor for illicit purposes in Case No. 2018-CR-076. (Docs. 19-7, 19-8.) The record reflects that the plea agreement included a no contest plea in two other cases charging similar crimes with different victims. (Doc. 19-7.) The county attorney sought a consecutive sentence for the crimes in the three cases. (*Id.*) At the time Plaintiff entered his plea, the court dismissed the remaining charges in Case No. 2018-CR-076 pursuant to the plea agreement. *See* Case No. 2018-CR-076, Journal Entry of February 6, 2023 (electronically filed on Aug. 11, 2023). The state court docket sheet reflects the disposition of those counts as dismissed on February 6, 2023. *See id.* Plaintiff was released on bond prior to sentencing. Although the state court records show that he was released on April 26 (Doc. 19-9), according to Plaintiff, he was released on May 2, 2023. (Doc. 20 at 2.)

Plaintiff's sentencing was held on May 17, 2023. (Doc. 19-10.) Plaintiff's underlying sentence in Case No. 2018-CR-076 was for thirteen months with probation imposed to run consecutive with his sentences in the other two cases; however, the journal entry reflects that Plaintiff had served his time while awaiting sentencing and that no probation would be imposed. (*Id.* at 3, 5–6.) The journal entry of judgment was entered on July 19, 2023.

On May 29, 2025, Plaintiff filed this action against Defendant Sowers and the City of Kingman (the "City"). (Doc. 1.) Plaintiff alleges claims under 42 U.S.C. § 1983. Plaintiff alleges essentially three claims against Defendant Sowers: violations of his Fourth and Fourteenth Amendment rights for omissions and false and misleading statements in the affidavit in support of

4

the arrest warrant; violation of his due process rights under the Fourteenth Amendment for failing to preserve exculpatory evidence; and a violation of his due process rights under the Fourteenth Amendment for failing to conduct an adequate investigation.[3]  Plaintiff also brings *Monell* claims against the City, including claims of failure to train, failure to supervise and discipline, ratification, and an unlawful custom.  These claims are all based on Sowers' alleged violation of Plaintiff's constitutional rights.

Defendants move to dismiss Plaintiff's complaint on the basis that his claims are barred by the statute of limitations; alternatively, they argue that Plaintiff's allegations are not sufficient to state a claim.

## II.    Standard

In order to withstand a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint must contain enough allegations of fact to state a claim to relief that is plausible on its face.  *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).  All well-pleaded facts and the reasonable inferences derived from those facts are viewed in the light most favorable to Plaintiff.  *Archuleta v. Wagner*, 523 F.3d 1278, 1283 (10th Cir. 2008).  Conclusory allegations, however, have no bearing upon the court's consideration.  *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007).

Because Plaintiff is proceeding pro se, the court is to liberally construe his filings.  *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009).  However, liberally construing filings does

---

[3] Plaintiff's claims are somewhat difficult to follow.  He has three separate claims for relief against Defendant Sowers.  Under his first claim of relief, he identifies five separate counts.  All of the counts pertain to information contained in or missing from the affidavit.  Essentially, he is identifying the various allegations of false statements, misleading statements, and omissions.  However, they can all be collapsed into his claim regarding the statements and omissions as to the affidavit.

not mean supplying additional factual allegations or constructing a legal theory on Plaintiff's behalf. *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997).

### III.    Analysis

"The statute of limitations period for a § 1983 claim is dictated by the personal injury statute of limitations in the state in which the claim arose." *McCarty v. Gilchrist*, 646 F.3d 1281, 1289 (10th Cir. 2011). In Kansas, such claims are governed by the two-year period in K.S.A. § 60-513(a). *Brown v. Unif. Sch. Dist. 501, Topeka Pub. Schs.*, 465 F.3d 1184, 1188 (10th Cir. 2006). Federal law alone determines the date on which a claim accrues – that is, the date on which the limitations period is triggered. *Wallace v. Kato,* 549 U.S. 384, 388 (2007); *Mondragon v. Thompson*, 519 F.3d 1078, 1082 (10th Cir. 2008).

An accrual analysis begins by identifying the specific constitutional right alleged to have been violated and is guided by common law principles governing analogous torts. *McDonough v. Smith,* 588 U.S. 109, 115–16 (2019). Section 1983 claims presumably accrue when a plaintiff has "a complete and present cause of action," although if a particular claim may not realistically be brought while a violation is ongoing, the claim may accrue at a later date. *Id.* at 115 (quoting *Wallace,* 549 U.S. at 388).

In *Heck v. Humphrey,* the Supreme Court cited the tort of malicious prosecution in holding that a claim challenging the validity of a conviction or sentence under § 1983 "does not accrue until the conviction or sentence has been invalidated." 512 U.S. 477, 490 (1994). With respect to an action which resulted in a dismissal of charges, the Tenth Circuit has held that the claim accrues upon dismissal. *See Myers v. Koopman*, 738 F.3d 1190, 1192, 1195 (10th Cir. 2013) (holding that the plaintiff "properly stated a Fourth Amendment claim for malicious prosecution, which accrued" on the date when the district attorney dropped all charges against him). By holding that

6

such claims do not accrue until the underlying criminal conviction has been invalidated or charges have been dismissed, the rule avoids conflicting civil and criminal judgments and the use of § 1983 actions to collaterally attack criminal judgments. *McDonough,* 588 U.S. at 118.

By contrast, where a § 1983 claim alleged that a plaintiff was arrested without probable cause in violation of the Fourth Amendment, the claim did not accrue when the criminal charge was ultimately dismissed, but when legal process was first initiated against the plaintiff – that is, when the plaintiff appeared before a magistrate and was bound over for trial. *Wallace,* 549 U.S. at 391. *Wallace* noted the tort of false imprisonment consists of detention without legal process, which necessarily ends when the victim becomes held pursuant to legal process. Any unlawful detention thereafter "forms part of the damages for the 'entirely distinct' tort of malicious prosecution," which remedies the wrongful *institution* of legal process rather than a wrongful detention *without* legal process. *Id.* at 390.

The court now turns to identifying the nature of Plaintiff's claims. Although Plaintiff alleges claims under both the Fourth and Fourteenth Amendment, he is adamant in his response that he is not bringing a claim for false arrest, which implicates the Fourth Amendment. (Doc. 20 at 4–5.) Plaintiff does not address whether his claim is one for false imprisonment, also under the Fourth Amendment. As set forth above, such a claim under § 1983 accrues at the time legal process is initiated. *See Mondragon*, 519 F.3d at 1083. Because Plaintiff was held over after the preliminary hearing on July 24, 2020, the statute of limitations began on that date for any claim of false arrest or unlawful detention. As Plaintiff brought this action almost five years later, any such claim is barred by the statute of limitations.

In *Mondragon*, the court of appeals held that if a plaintiff "has been imprisoned pursuant to legal but wrongful process, he has a claim under the procedural component of the Fourteenth

Amendment's Due Process Clause analogous to a tort claim for malicious prosecution." 519 F.3d at 1082. These "claims concern the period between the institution of legal process and its favorable termination through, for example, acquittal or the dismissal of charges, and they accrue 'at the earliest when favorable termination occurs.'" *Heter v. City of Hutchinson, Kan.*, 851 F. App'x 874, 875–76 (10th Cir. 2021) (quoting *Mondragon*, 519 F.3d at 1083). Because Plaintiff's claims concern his allegations that he was detained pursuant to a wrongful process that included false information in the affidavit and material omissions, the court will analyze his claims as analogous to a claim of malicious prosecution which accrues when the proceeding terminates in his favor. The court notes that Plaintiff's response is not entirely clear as to what framework he believes applies. Plaintiff appears to assert that his *Franks* claim regarding the affidavit transforms his claim into something other that a claim involving a malicious prosecution but he fails to point to any authority in support of his argument. (Doc. 20 at 8.) Defendants argue that no such "hybrid claim" exists. (Doc. 21 at 3.) In any event, Plaintiff fails to identify any authority to suggest that the statute of limitations begins to run later than the date of favorable termination for such a claim. To the extent Plaintiff's claim is construed as a fabrication or suppression of evidence claim resulting in a denial of his due process rights, the statute of limitations on such a claim also begins to run when the prosecution terminates in his favor. *See McDonough*, 588 U.S. at 119–20; *see also McIntyre v. Unified Gov't of Wyandotte Cnty. & Kansas City, Kansas*, No. CV 18-2545-KHV, 2020 WL 1028303, at *27 (D. Kan. Mar. 3, 2020) (to the extent a § 1983 claim would imply that a conviction is invalid, the statute of limitations begins to run when the conviction is overturned).

Under this framework, the court now turns to the record to determine when the statute of limitations began to accrue. Defendants argue that Plaintiff's claims accrued upon the dismissal of all counts on February 6, 2023. Plaintiff argues that his cause of action did not accrue until the

judgment was entered on July 19, 2023.  Throughout his response, Plaintiff argues that this must be so because he was barred from bringing an action under *Heck* prior to that time.  Plaintiff, however, completely ignores the sequence of events in his underlying criminal prosecution. Notably, the sodomy and criminal threat charges were dismissed at the plea hearing on February 6, 2023, which is more than two years before this cause of action was filed.  Plaintiff fails to address the significance of this dismissal in order to argue that the final journal entry controls.  As discussed, a review of the state court record shows that those charges were dismissed on February 6, 2023, when he pleaded guilty to the charge of furnishing alcohol to a minor for illicit purposes in Case No. 2018-CR-076.  (Docs. 19-7, 19-8.)  At the time Plaintiff entered his plea, the court dismissed the remaining charges in Case No. 2018-CR-076 pursuant to the plea agreement.  *See* Case No. 2018-CR-076, Journal Entry of February 6, 2023 (electronically filed on Aug. 11, 2023). At this point, the statute of limitations began to run.  *See Myers*, 738 F.3d at 1195; *see also McCarty*, 646 F.3d at 1290 (discussing that the question is when the "conviction" or, here, charges are no longer outstanding and citing to *Heck*).

The court notes that the journal entry reflecting what occurred on February 6, 2023, was not filed until August 2023, after judgment was entered in the criminal case.  That order reflects the approval of a journal entry submitted by the parties on February 6, 2023.  Significantly, the journal entry reflects that as of February 6, 2023, the court dismissed the charges, ordered a presentence investigation, and set a status conference later in February 2023.  *See* Case No. 2018-CR-076, Journal Entry of February 6, 2023 (electronically filed on Aug. 11, 2023).  It is clearly a journal entry to reflect the events that transpired in court on February 6, which Plaintiff was personally aware of and present for.[4]  *See Foster v. Zerbst*, 92 F.2d 950, 951–52 (10th Cir. 1937);

---

[4] "Under [Kansas] Supreme Court Rule 170, a district court may direct a party to prepare a journal entry reflecting the court's orders. *See* Rule 170(a). The party preparing the journal entry must submit it to the opposing party within

*see also Kansas v. Moses*, 227 Kan. 400, 402–03, 607 P.2d 477, 480 (1980) (discussing that in Kansas, journals and records are just formal evidence of the judgment and sentence and noting that the "defendant is personally present, and thus knows that at that moment he or she has been sentenced, fined, or placed on probation, or that the imposition of sentence has been suspended.") There is no argument or indication from the state court record that those charges were still pending as of the date of judgment or even as of the date of sentencing. (*See* Doc. 19-10.)

Therefore, the fact that it was entered after the events occurred and the judgment was entered in the state criminal case is not significant especially in light of the state court docket that clearly reflects that the date of disposition of Plaintiff's dismissed charges occurred on February 6, 2023.[5] Further, the court notes that the issue here is when Plaintiff had a complete and present cause of action. As of February 6, 2023, Plaintiff knew that these charges were dismissed pursuant to the plea agreement. Therefore, the statute of limitations began to run at that time.

Plaintiff's argument that the entry of final judgment was the event that started the clock for statute of limitations purposes is not persuasive because that document only references Plaintiff's conviction on the count pertaining to providing a minor with illegal substances. There is no mention whatsoever of the counts that had been previously dismissed in February 2023. Plaintiff's § 1983 claims do not concern his conviction and sentence in 2018-CR-076 on the charge of providing alcohol to a minor for illicit purposes.[6] If they did, they would be subject to dismissal

---

14 days, and the opposing party has 14 days after service of the proposed journal entry to object. *See* Rule 170(b), (c)." *Kirk v. VIM Props., LLC*, 461 P.3d 865 (Kan. Ct. App. 2020).

[5] The court recognizes that there is a distinction between journal entries in civil cases and criminal cases in Kansas. *See Kansas v. Moses*, 227 Kan. 400, 403, 607 P.2d 477, 480 (1980).

[6] Because the court determines Plaintiff's claims are barred by the statute of limitations, it declines to address whether Plaintiff can proceed on a malicious prosecution claim in light of a guilty plea as to one but not all of the charges. *See Al-Anesi v. City of New York*, No. 18-CV-08439, 2022 WL 1948879, at *6 (S.D.N.Y. June 6, 2022) (considering *Thompson* and holding that a guilty plea to a lesser charge negates the favorable termination element); *see also Grainger v. Buckhannon*, No. 22-CV-00354, 2022 WL 2168079, at *3 (D.S.C. June 15, 2022) ("*Thompson* did not directly address proceedings involving multiple charges where some resulted in the plaintiff's conviction and others were dismissed. The court is not persuaded that the application of *Thompson* to such cases permits a § 1983 claim for

as there is no allegation that the conviction was reversed on appeal or vacated pursuant to a habeas claim. Moreover, Plaintiff was sentenced on May 17, 2023, which was more than two years before he filed this action. In Kansas, a court's judgment and sentence is effective when announced not when the journal entry is entered. *See Moses*, 607 P.2d at 478; K.S.A. § 22-3424. Plaintiff further argues that he was barred from bringing a claim under *Heck* until final disposition of all charges in the prosecution. The court disagrees. *See Butler v. Compton*, 482 F.3d 1277, 1280 (10th Cir. 2007) (finding that *Heck* did not bar a plaintiff from asserting a § 1983 claim on dismissed charges even though he pleaded guilty to unrelated charges).

Therefore, Plaintiff's claims against Sowers are subject to dismissal as they are barred by the statute of limitations. The court finds that by February 6, 2023, or at the latest, May 17, 2023, Plaintiff had "a complete and present cause of action" such that his claims accrued. *Wallace,* 549 U.S. at 388. Plaintiff's claims against the City for failure to train, supervise, having an unlawful custom, and ratification of Sower's conduct are also barred by the statute of limitations. These claims are allegations of an unlawful policy based on Sower's conduct and would accrue, at the latest, at the time the charges were dismissed. *See id*.

## IV.    Conclusion

Defendants' motion to dismiss (Doc. 17) is GRANTED. Plaintiff's motion to file a surreply (Doc. 23) is GRANTED.

IT IS SO ORDERED. Dated this 8th day of June, 2026.

s/ John W. Broomes
JOHN W. BROOMES
CHIEF UNITED STATES DISTRICT JUDGE

---

malicious prosecution where the charges are related and arise from the same course of conduct conceded by the plaintiff's guilty plea.").